UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHYRL BAGNERIS, ET AL                          CIVIL ACTION

VERSUS                                         NO. 10-3357

CHRISTOPHER DORSEY, ET AL                      SECTION "F"

ORDER & REASONS

Before the Court is the defendant Empire Fire & Marine Insurance Company's motion for summary judgment. Because it is premature, the motion is DENIED without prejudice.

**Background**

Gabriel Hart allegedly entered Shyrl and John Bagneris's land to direct a music video for the rap artist B.G. The Bagnerises have sued Hart, along with B.G. (under his real name Christopher Dorsey), Taj Lewis, Chopper City Records, LLC, Entertainment One U.S. LP, and Empire. Among the their claims are trespass to land, intrusion on seclusion, misappropriation, unjust enrichment, and violations of the Lanham Act. Entertainment One has also filed cross-claims against Empire, Hart, and Lewis and third party claims against Southern Icon Films of Atlanta, LLC.

Empire, which issued a liability insurance policy to Gabriel Hart extending from October 8 to 13, 2009 (presumably the time period over which the rap video was shot), moves for summary judgment. Empire asserts that any claim for benefits under the policy are outside the scope of the plan's coverage. The plan

1

provides coverage for bodily injury and property damage but excludes coverage for certain expected or intended injuries.[1]

## Law & Analysis

Although it is true "a party may file a motion for summary judgment at *any time* until 30 days after the close of all discovery," FED. R. CIV. P. 56(b) (emphasis added), in practice, summary judgment motions often implicate disputed issues of fact which can only be resolved after some discovery takes place. This is such a case. Whether coverage under Empire's policy extends to some of the defendants' actions on the Bagnerises' property depends on clarification of the facts of what actually took place on their property. The facts necessary to resolve Empire's motion are not yet before the Court with any specificity and likely will not be clear until key defendants have been served and some discovery has taken place. Empire's motion is premature, and it is DENIED without prejudice.[2]

---

[1] The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property."

[2] Also implicated are the interesting questions of what constitute "bodily injury" and "property damage" within the policy terms. See Preau v. St. Paul Fire & Marine Ins. Co., No. 10-30816, 2011 WL 2475835, at *2-*3 (5th Cir. June 23, 2011).

New Orleans, Louisiana, July 19, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE