UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHYRL PATTERSON BAGNERIS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 10-3357 |
| CHRISTOPHER DORSEY, ET AL. | SECTION: "G" (4) |

## ORDER

Before the Court is Defendant, Empire Fire and Marine Insurance Company's, ("Empire") **Motion to Compel Discovery (R. Doc. 76)**, seeking an order from this Court requiring Plaintiffs, Shyrl and John Bagneris, (the "Bagnerises") to respond to Empire's Request for Production of Documents pursuant to Rule 37. The motion is unopposed.[1] The matter was noticed for submission on September 19, 2012, and was set to be heard on the briefs.

### I.     Factual Background

The Bagnerises alleged that on October 8, 2009 defendants B.G. Dorsey, Chopper City Records, LLC, and other defendants associated with the music video "My Hood," as well as a film crew and approximately 40 individuals, trespassed on the Bagnerises' property to film the aforementioned video. (R. Doc. 1, p. 4). The Bagnerises further allege that images of their property

---

[1] The Bagnerises filed an opposition to the Motion on September 18, 2012 (R. Doc. 79). Therein, they claim that they are waiting for discovery requests for a third party before responding to Empire's discovery request, and that due to Hurricane Isaac they did not have time to respond. *Id.* at 1. However, the Bagnerises do not state that Hurricane Isaac impeded their ability to file a motion opposing Empire's Motion to Compel, which was filed over a month ago, on August 2, 2012. According to Local Rule 7.5, all motions in opposition must be filed 8 days prior to the motion submission date. The Bagnerises' Opposition, filed one day before the submission date, is in contravention of the Rule.

were included in the video footage. *Id.* at 5. The Bagnerises further allege that on or about February 8, 2010, they sent a cease-and-desist letter to defendant Chopper City Records, requesting that defendant cease reproducing copies of the Bagnerises' property, but Chopper City failed to do so. *Id.* The Bagnerises subsequently brought suit, claiming violations of the Lanham Act, 15 U.S.C. § 43(a) (Count I), as well as state law claims for misappropriation, unjust enrichment, trespass to land and intrusion on seclusion (Count II). (R. Doc. 1, pp. 4-8). In response, Empire denied the Bagenerises' substantive allegations and raised affirmative defenses. (R. Doc. 4).

Here, Empire seeks an Order from this Court compelling the Bagnerises to respond to Empire's Request for Production of Documents pursuant to Rule 37. In support of its motion, Empire argues that it propounded requests for both interrogatories and production of documents on December 16, 2010. (R. Doc. 76-1). Empire further argues that the Bagnerises responded to its interrogatories, but not to its production of documents. *Id.* Empire finally contends that on July 23, 2012, it sent the Bagnerises a letter stating that it was scheduling a Rule 37 conference for July 30, 2012 at 10 a.m. to discuss outstanding discovery. (R. Doc. 76-3, p. 1). Empire alleges that the Bagnerises did not participate in the July 30, 2012 conference, and no further communication between the parties has occurred. (R. Doc. 76-1, p. 1). Three days later, on August 2, 2012, Empire filed the instant motion.

**II.     Law and Arguments**

Federal Rule of Civil Procedure ("Rule") 34 provides that a party may request another party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents relevant to the litigation. Rule 34(a)(1). "The request must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1). "The party to whom

the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2). Local Rule 7.4 states that "[i]f the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion."

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." *Id.* at 37(a)(3)(B). Any such motion must contain a certification that the movant has in good faith conferred or attempted to confer with the opposing party. *Id.* at 37(a)(1).

In support of its Motion, Empire has attached copies of its interrogatories and requests for production. *See* (R. Doc. 76-2, pp. 2-7). Neither document is signed, and the certificate of service for both documents is blank. *See id.* at 4, 7. Empire has also attached a transmittal letter, dated December 16, 2010, which is signed by Empire's attorney and which states "[e]nclosed please find Interrogatories and Request for Production of Documents." *Id.* at 1.

The Court finds that Empire has produced no evidence of the date at which it actually propounded its Request for Production of Documents upon the Bagnerises, because the signature block on the discovery request shows only "___ day of ___, 2010." (R. Doc. 76-2, p. 7). Further, although Empire also argues that responses to the interrogatories were received, it does not specify when they were received, or otherwise attach copies of the responses. (R. Doc. 76-1, p. 1). Without information about when service of Empire's discovery actually occurred, or what steps the Bagnerises have actually completed in furtherance of their obligations to respond, the Court has no grounds to determine whether the instant Motion to Compel was timely filed. Therefore, Empire's

filing was in contravention of Rule 7.4.

Further, the Court also notes that although Empire submitted a signed transmittal letter along with its unsigned discovery requests, the discovery requests themselves were not signed. (R. Doc. 76-2, pp. 1, 7). This contravenes the plain language of Rule 26(g)(3), which mandates that "[e]very . . . discovery request . . . must be signed by at least one attorney of record in the attorney's own name." Rule 26(g)(2). "Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it us signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." *Id.* At 26(g)(2). The majority of cases adhere to a strict application of the plain language of Rule 26(g)(3) *See, e.g.*, *Salesman v. Access Systems Americas, Inc.*, 2010 WL 3743765, at *3 (N.D. Cal. Sept. 17, 2010) (finding that party's typed name on a disclosure request failed to meet 26(g) signature requirement). *Lock Realty Corp. v. U.S. Health L.P.*, 2008 WL 4372411, at *2 (N.D. Ind. Sept. 22, 2008) (finding that a party may move to strike a discovery *response* on grounds that the response was unsigned).

Finally, other evidence submitted by Empire in support of its motion does lend credibility to Empire's assertion that it in fact propounded discovery on the date in question. For example, Empire argues that on July 23, 2012, approximately a year and a half after the discovery responses were purportedly filed, it sent the Bagnerises a letter stating that "[o]ur client requires us to aggressively pursue discovery responses in order to properly evaluate the case as early as possible." (R. Doc. 76-3, p. 1).[2] As noted above, Empire argues that it first propounded discovery on the Bagnerises on December 16, 2010. It defies common sense to believe that a party "aggressively pursu[ing]" discovery would wait for over a year and a half to move to compel such discovery, or

---

[2]Counsel for Empire did not change during this time.

at least possess a more elaborate "paper trail" of the opposing party's non-compliance.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Empire Fire and Marine Insurance Company ("Empire")'s **Motion to Compel Discovery (R. Doc. 76)** is **DENIED**.

New Orleans, Louisiana, this 1st day of November 2012.

  **KAREN WELLS ROBY**
  **UNITED STATES MAGISTRATE JUDGE**