**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHYRL BAGNERIS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3357** |
| **CHRISTOPHER DORSEY, et al.** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Shyrl Patterson Bagneris's and John Bagneris's (collectively, "Plaintiffs") Motion to Prove Personal Service, wherein Plaintiffs request that the Court deem Gary Casale's affidavit sufficient to show proof of service pursuant to Federal Rule of Civil Procedure 4 on Defendant Christopher Dorsey ("Defendant Dorsey").[1] Plaintiffs assert that Mr. Casale "acting in the capacity as designee to the Warden for inmate mail of St. Tammany Parish did personally receive, sign for, and deliver to inmate " the complaint and summons.[2] For the reasons that follow, Plaintiffs' motion is denied.

## I. Background

### A. Factual Background

Plaintiffs are Shyrl and John Bagneris, who own a residence at 5139 Easterlyn Circle, New Orleans, 70128, which is at issue in this case.[3] Defendants are Christopher Dorsey (a rap artist known as "B.G."), Entertainment One U.S. LP ("Entertainment One"), Chopper City Records, LLC ("Chopper City Records"), Empire Fire and Marine Insurance Company ("Empire"), Gabriel Hart, and Taj Lewis (collectively, "Defendants").[4]  All defendants other than Dorsey and Empire have been dismissed.

---

[1] Rec. Doc. 135 at ¶ 2.

[2] *Id.* at p. 1

[3] Rec. Doc. 1 at ¶ 1.

[4] *Id.* at ¶ 2

1

Plaintiffs allege that on or about October 8, 2009, Defendants, with a film crew of about forty individuals, entered upon the property and residence of Plaintiffs in order to film a music video for a rap song performed by Defendant Dorsey, entitled "My Hood."[5] According to Plaintiffs, without receiving Plaintiffs' permission or obtaining any local permits, "defendants captured and exploited extensive footage" of Plaintiffs' house and property.[6] Furthermore, Plaintiffs contend that Defendants "have acted to reproduce and distribute the music video which includes exclusive footage of plaintiffs' home without authorization."[7]

Plaintiffs assert that Defendants have disregarded Plaintiffs' demands to stop using the allegedly unauthorized images of Plaintiffs' property.[8] They further aver that Defendants have not provided any payment to Plaintiffs for filming on their property or for distributing images of Plaintiffs' property.[9]

***B. Procedural Background***

On October 5, 2010, Plaintiffs filed a complaint asserting a claim for damages pursuant to the Latham Act of 1946,[10] as well as Louisiana state law causes of action for misappropriation, unjust enrichment, trespass to land, and intrusion on seclusion.[11]

Since the filing of Plaintiffs' complaint, four of the six defendants have been dismissed. On July 18, 2012, the Court dismissed Plaintiffs' claims against Defendants Gabriel Hart and Taj Lewis without

---

[5] *Id.* at ¶¶ 11, 16.

[6] *Id.*

[7] *Id.* at ¶ 11.

[8] *Id.* at ¶¶ 17–18.

[9] *Id.* at ¶ 18.

[10] *Id.* at ¶ 14. In particular, Plaintiffs assert that Defendants have violated the portion of the Act codified at 15 U.S.C. § 1125(a). *See id.*

[11] *Id.* at ¶¶ 24–28.

prejudice, following Plaintiffs' failure to serve those defendants.[12] On January 18, 2013, the Court dismissed Plaintiffs' claims against Chopper City Records with prejudice,[13] upon a motion for voluntary dismissal filed by Plaintiffs.[14] Finally, on November 11, 2013, the Court dismissed Plaintiffs' claims against Entertainment One with prejudice,[15] upon a joint motion for dismissal filed by Plaintiffs and Defendant Entertainment One.

With respect to Defendant Dorsey, on March 28, 2012, Plaintiffs filed a Motion for Entry of Default.[16] The Clerk of Court entered the entry of default on June 28, 2012.[17] Plaintiffs then filed a Motion for Default Judgment on April 18, 2013.[18] This motion was denied for lack of personal service, and Plaintiffs were granted 10 days to properly serve Defendant Dorsey.[19] In response, Plaintiffs have filed the Motion to Prove Personal Service now before the Court, which includes an affidavit of service from Gary Casale, the warden's designee at St. Tammany Parish Jail.[20]

## II. Parties' Arguments

### A. Plaintiffs' Argument in Support

Plaintiffs request that "Mr. Cassale's affidavit be deemed sufficient to prove that the defendant

---

[12] Rec. Doc. 75.

[13] Rec. Doc. 89.

[14] Rec. Doc. 87.

[15] Rec. Doc. 129.

[16] Rec. Doc. 70.

[17] Rec. Doc. 74.

[18] Rec. Doc. 98.

[19] Rec. Doc. 132.

[20] Rec. Doc. 135.

Christopher Dorsey was properly served" according to Federal Rule of Civil Procedure 4.[21]

Plaintiffs contend that on July 7, 2011, they sent the Summons and Complaint to Defendant Dorsey via certified mail.[22] At the time, Defendant Dorsey was incarcerated in the St. Tammany Parish Jail.[23] Plaintiffs claim that on July 11, 2011, "service of the Summons and Complaint was received by defendant, Christopher Dorsey, via his authorized agent and St. Tammany Parish Sheriff's Office employee."[24]

Plaintiffs maintain that proper service of the complaint and summons was completed because Mr. Casale "acting in the capacity as designee to the Warden for inmate mail of St. Tammany Parish Jail did personally receive, sign, and deliver to inmate Christopher Dorsey" each of these.[25] Plaintiffs assert that this is sufficient for service of process under the law.[26]

### B. Defendant's Argument in Opposition

Defendant Dorsey has not filed an opposition to the pending motion nor has he ever responded in anyway to this lawsuit.

### III. Law and Analysis

### A. Applicable Law

As the Supreme Court has explained, in order for a federal court to exercise personal jurisdiction

---

[21] *Id.*

[22] *Id.* at ¶ 1.

[23] Rec. Doc. 98 at ¶ 2.

[24] *Id.* at ¶ 3; *see also* Rec Doc. 98-1, certified mail receipt signed by Gary Casale, dated July 11, 2011.

[25] Rec. Doc. 135 at ¶ 2.

[26] *Id.* at ¶ 3.

over a defendant, "the procedural requirement of service of summons must be satisfied."[27] Consequently, absent proper service, the court lacks personal jurisdiction over the defendant, and any default judgment entered against the defendant is void.[28]

Proper service of process must occur in accordance with Federal Rule of Civil Procedure 4. With respect to serving individuals within a judicial district of the United States, Rule 4(e) authorizes service by:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     doing any of the following:

(A)     delivering a copy of the summons and of the complaint to the individual personally;

(B)     leaving of copy of each at the individual's residence dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[29]

Mail service is not directly authorized by Rule 4(e).[30] However, pursuant to Rule 4(e)(1), a defendant may be served by mail if state law "in the state where district court is located or where service

---

[27] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citing *Mississippi Publishing Corp. v. Murphee*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.")).

[28] *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void . . . ."); *Omni*, 484 U.S. at 104.

[29] Fed. R. Civ. Pro. 4(e).

[30] *See id.*; *see also Stogner v. Neilsen and Hiebert Systems, Inc.*, No. 07-4058, 2008 WL 4587304, at *1 (E.D. La. Oct. 15, 2008) (Vance, J.) (noting that "service by mail is not one of the three explicitly authorized methods" under Federal Rule of Civil Procedure 4(e)).

5

is made" allows for mail service.[31] Because this Court is in the Eastern District of Louisiana, and because at the time of the alleged service of the summons and complaint, Defendant Dorsey was incarcerated in St. Tammany Parish Jail, the applicable state law is that of Louisiana.

Louisiana state law sets forth specific requirements for service on an incarcerated person. Under Louisiana Code of Civil Procedure Article 1235.1(A), "[s]ervice is made on a person who is incarcerated in a jail or detention facility through personal service on the warden or his designee for that shift. The warden or his designee shall in turn make personal service on the person incarcerated."[32] Subsection (C) further provides that "[p]ersonal service on the person incarcerated . . . shall be made promptly, but in no event shall it be made later than ten days after service upon the warden or his designee."[33]

**B. Analysis**

In this case, Defendant Dorsey was not properly served in accordance with Federal Rule of Civil Procedure 4. Plaintiffs attempted to serve Defendant Dorsey via certified mail, which is not directly authorized under Rule 4(e)(2). While Rule 4(e)(1) allows mail service where authorized by state law, in this case, the applicable state provision is Louisiana Code of Civil Procedure Article 1235.1. Article 1235.1 requires that service on an incarcerated person be made "through *personal* service on the warden or his designee for that shift";[34] it does not allow for mail service.[35] Even though the new documents entered by Plaintiffs into the record are evidence that Mr. Casale was the warden's designee and that Mr. Casale personally served Defendant Dorsey, there is nothing in the record demonstrating that Plaintiffs

---

[31] *Id.*

[32] La. Code Civ. Pro. Art. 1235.1(A).

[33] La. Code Civ. Pro. Art. 1235.1(C).

[34] La. Code Civ. Pro. Art. 1235.1(A) (emphasis added).

[35] *See* La. Code Civ. Pro. Art. 1232 (providing that "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served").

made personal service on Mr. Casale.[36] To the contrary, the newly entered affidavit and receipt of certified mail serve as evidence that Mr. Casale was served by mail. This contravenes the requirement of personal service on the warden or his designee set forth in Louisiana Code of Civil Procedure Article 1235.1.[37]

Because the procedural requirement of service of summons has not been satisfied, the proof furnished by Plaintiffs to prove service of summons is not sufficient.

### IV. Conclusion

The Court finds that it lacks personal jurisdiction over Defendant Dorsey because the procedural requirement of service of summons has not been satisfied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Prove Personal Service[38] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs properly serve Defendant Dorsey and file evidence of such service within 30 days or this matter will be dismissed without prejudice.

**NEW ORLEANS, LOUISIANA**, this ___10th___ day of December, 2013.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[36] Rec. Doc. 132 at 3.

[37] *Id.* at 4.

[38] Rec. Doc. 98.

7